IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RITCHIE CAPITAL MANAGEMENT, L.L.C., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RESERVOIR CAPITAL PARTNERS, L.P., | ) | |
| RESERVOIR CAPITAL GROUP, L.L.C., | ) | No. 1:15-cv-8021 |
| RESERVOIR CAPITAL MASTER FUND, L.P., | ) | |
| RESERVOIR CAPITAL MASTER FUND II, L.P., | ) | |
| RESERVOIR CAPITAL INVESTMENT | ) | Hon. S. Ellis |
| PARTNERS, L.P., ERIC ENGLER AND JOHN | ) | |
| KERMATH, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### MOTION OF PLAINTIFF RITCHIE CAPITAL MANAGEMENT, L.L.C. FOR LEAVE TO FILE EXHIBIT 1 UNDER SEAL

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), plaintiff Ritchie Capital Management, L.L.C. ("Ritchie Capital"), by and through his counsel, respectfully moves this Court for leave to file Exhibits A-G, attached to Exhibit 1 of its Memorandum in Support of its Motion for Preliminary Injunction, under seal in order to protect its confidential commercial and privileged information.

In supporting its Motion for Preliminary Injunction, Ritchie Capital has submitted the declaration of A.R. Thane Ritchie, founder and director of Ritchie Capital. (Dkt. No. 8-1.) As part of this declaration, Mr. Ritchie refers to and attaches as exhibits examples of several electronic communications containing confidential and proprietary information sent by defendant John Kermath to his fellow defendants, without authorization and in violation of his employment

1

agreement and fiduciary duties. Several of those communications involved attorneys and are also subject to the attorney-client privilege. It is these exhibits, and only these exhibits, that Ritchie Capital wishes to file under seal.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that, upon a showing of good cause, a court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have determined that confidential commercial information such as pricing and strategy statements may be protected from unnecessary disclosure. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (holding that competitive business information qualifies for the same protection as a trade secret where its "economic value depends on its secrecy"); *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995) (holding that information regarding pricing, distribution, and marketing may qualify for protection from unnecessary disclosure); *Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1345–46 (7th Cir. 1986) (finding information related to bids and evaluating bids was "unquestionably [a] sensitive trade secret[]" that warranted protection from unnecessary disclosure, as counterparties "could use it to [their] advantage in the next round of negotiations"); *Johnson v. Allstate Ins. Co.*, No. 07–cv–0781–MJR, 2008 WL 4279992, at *3 (S.D. Ill. Sept. 17, 2008) (finding that insurance company's pricing information qualified for protection as a trade secret); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423–24 (S.D. Ind. 2001) (finding that an insurance company's policy manuals qualified for protection as trade secrets).

Similarly, where financial terms have economic value and are not generally known in the industry, they may be maintained under seal. *See F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3–4 (N.D. Ill. Apr. 5, 2012) (maintaining the seal on "trade

secrets in the form of contract terms, contract negotiations and strategies, and pricing information"); *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (holding that information about terms and conditions of contracts "that might give other firms an unearned competitive advantage" is legitimately confidential information that competitors should not have and the public does not need to know to evaluate the judiciary's handling of the litigation). Furthermore, to the extent that any document contains confidential commercial information that does not "form[] the basis of the parties' dispute," such extraneous material is not subject to any presumption of public disclosure. *See Baxter*, 297 F.3d at 548. Additionally, "[g]ood cause may exist to seal" documents if they are "covered by the attorney-client privilege." *Johnson v. UHS Midwest Ctr. for Youth & Families, LLC,* No. 2:13–CV–149–JTM–PRC, 2014 WL 4228114, at *1 (N.D. Ind. Aug. 20, 2014) (citing *Baxter,* 297 F.3d at 546.).

  The exhibits Ritchie Capital wishes to file under seal contain proprietary information relating to Ritchie's financial status and holdings, and privileged communications – all information which would not generally be publicly available. Ritchie Capital has also taken measures to preserve the confidentiality of this information, including filing the aforementioned motion for preliminary injunction. These documents contain information concerning Ritchie Capital's expense management, growth development, and other strategy statements for specific Ritchie Capital funds, as well as Ritchie Capital's analysis of those funds. Ritchie Capital's competitors would receive an unfair competitive advantage if they were able to receive this information, as that would allow them to glean valuable insights into how to increase their operating efficiencies or better position themselves so as to compete with Ritchie Capital without investing the resources that Ritchie Capital has invested to develop its own strategies and conduct its own analysis. Also, several of the communications are also privileged and the

privilege could be lost if Ritchie Capital voluntarily disclosed them to the public. For these reasons, Ritchie Capital requests that it be allowed file under seal Exhibits A-G, attached to the Declaration of A. R. Thane Ritchie, Exhibit 1 to Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction.

Date: September 15, 2015

Respectfully submitted,

By: /s/ Brian A. McAleenan
Thomas K. Cauley, Jr.
Brian A. McAleenan
Veena K. Gursahani
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
tcauley@sidley.com
bmcaleenan@sidley.com
vgursahani@sidley.com

*Attorneys for Plaintiff Ritchie Capital Management, L.L.C.*

## **CERTIFICATE OF SERVICE**

Brian A. McAleenan, an attorney, hereby certifies that on September 15, 2015 a copy of the foregoing was served upon the following in by the method indicated below:

Bryce Friedman
Kathrine McLendon
Simpson Thacher & Bartlett LLP
427 Lexington Ave.
New York, New York 10017
212.455.2000
bfriedman@sbtlaw.com
kmclendon@sbtlaw.com

*via e-mail*

John Kermath
230 Maple Road
Barrington, IL 60010

*via certified mail*

/s/   Brian A. McAleenan

Brian A. McAleenan